UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PHILLIP GREEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:19-cv-01861-JPH-DLP |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Phillip Green petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number NCN 18-09-0045. For the reasons explained in this Order, Mr. Green's habeas petition is **DENIED**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B. The Disciplinary Proceeding

On September 18, 2018, Indiana Department of Correction ("IDOC") Correctional Officer A. Petty wrote a Report of Conduct charging Mr. Green with being a habitual conduct rule violator, a violation of IDOC Adult Disciplinary Code B-200. Dkt. 1-1 at 1; dkt. 6-1. The Report of Conduct states:

> On the above date and time, while processing conduct reports, I CAB A. Petty became aware that offender Green, Phillip #238237 is in violation of a code 200 Habitual Rule Violator. He has been found or plead guilty to five unrelated class C offenses in a period of six months or less according to OIS.

*Id.*

According to IDOC disciplinary records, Mr. Green committed Class C violations on July 19, 2018; August 1, 2018; August 8, 2018; August 15, 2018; and August 22, 2018. Dkt. 6-9. Each violation involved Mr. Green's refusal to accept a new bed assignment, a violation of IDOC Adult Disciplinary Code C-356. *Id.* Mr. Green pleaded guilty to each charge at a separate hearing. *Id.* None of these convictions resulted in a loss of earned credit time or a demotion in credit earning class. *Id.*

On September 20, 2018, Mr. Green was notified of the habitual conduct rule violator charge when he received a copy of the Screening Report. Dkt. 1-1 at 4; dkt. 6-3. He pleaded not guilty and did not ask to call witnesses or present physical evidence. *Id.*

A disciplinary hearing was held on September 26, 2018. Dkt. 1-1 at 5; dkt. 6-5. Mr. Green told the hearing officer, "I have a [protective custody] request in." *Id.* The hearing officer considered Mr. Green's statement, staff reports, and the OIS print out and found Mr. Green guilty. *Id.* Mr. Green received a 90-day deprivation of earned credit time and a demotion in credit earning class. *Id.*

Mr. Green appealed his convictions to the Facility Head and the IDOC Final Reviewing Authority. Dkt. 6-6; dkt. 6-7. These appeals were denied. *Id.* Mr. Green then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Green lists four grounds for relief, which the Court consolidates and restates as: (1) the evidence is insufficient to support the underlying convictions; and (2) the underlying convictions were not "unrelated." [1]

Although Mr. Green references the Eighth Amendment and the Fourteenth Amendment Equal Protection Clause, he essentially challenges the sufficiency of the evidence, and the Court liberally construes the petition as alleging a violation of procedural due process.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

---

[1] Ground one of Mr. Green's petition states that a "[l]iberty interest existed" because "restrictive conditions imposed an atypical and significant hardship: was demoted a credit class and had to forfeit 150 day good time." Dkt. 1 at 2. The respondent argues that this ground challenges the conditions of Mr. Green's confinement and can only be brought as an action pursuant to 42 U.S.C. § 1983. Dkt. 6 at 5-6. But the Court interprets this as a jurisdictional statement rather than a separate ground for relief. Mr. Green appears to be stating that because he was deprived of earned credit time, his petition challenges the fact of his custody and is appropriately brought pursuant to 28 U.S.C. § 2254.

An inmate is guilty of being a habitual conduct rule violator upon "[b]eing found or pleading guilty to five (5) unrelated Class C Conduct Offenses in a period of six (6) months or less." The undisputed evidence proves that Mr. Green pleaded guilty to five Class C conduct offenses during July and August 2018. Dkt. 6-2; dkt. 6-9. Mr. Green argues that these convictions should not count towards his habitual conduct rule violator conviction because they arose from acts of necessity. Had he complied with the order to move beds, he argues, he would have been at a serious risk of physical assault or death. Dkt. 1 at 2-3.

Inmates may not challenge the validity of underlying prison disciplinary convictions in a § 2254 petition attacking a habitual conduct rule violator conviction. *See Wilson-El v. Finnan*, 544 F.3d 762, 765-66 (7th Cir. 2008). Even if Mr. Green could challenge his underlying convictions, his claim could not succeed because prisoners do not have a constitutional right to the affirmative defense of necessity in prison disciplinary proceedings. *See Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011); *Scruggs*, 485 F.3d at 938–39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1049 (7th Cir. 1994). Mr. Green's request for relief on this ground is **denied**.

Mr. Green also argues that the underlying convictions are not "unrelated" because they all stem from his ongoing refusal to comply with his new bed assignment. Dkt. 1 at 2. The IDOC Adult Disciplinary Code does not define the term "unrelated." Dkt. 8-1 at 2. However, New Castle Correctional Facility has a standing order that disciplinary convictions are "unrelated" when the rule violations occur on different days. *Id.* Under this definition, there is some evidence that Mr. Green was convicted of five unrelated disciplinary offenses within six months and was therefore guilty of being a habitual conduct rule violator. His request for relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge,

4

disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be denied and the action dismissed.

Judgment consistent with this Order shall now issue.

**SO ORDERED**

Date: 5/6/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PHILLIP GREEN
238237
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov